# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No._____

FAITH ENTERPRISES INCORPORATED,

        Plaintiff,

vs.

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,

        Defendant.

---

## COMPLAINT FOR INJUNCTIVE RELIEF

---

For its Complaint against the United States Department of Veterans Affairs (the "VA"), Plaintiff Faith Enterprises Incorporated ("Faith") alleges as follows:

1. This is a civil action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking an order enjoining the VA from improperly withholding agency records and compelling the production of all agency records responsive to a FOIA request submitted on behalf of Faith.

2. The agency records at issue relate to a FOIA request submitted by Faith to the VA on April 29, 2022. In summary, the FOIA request sought the disclosure of certain agency records, including specifically contracts and task orders awarded to an architect/engineering firm, Valhalla Engineering Group, LLC ("Valhalla"), to support VA Project No. 554-319. This

project is for construction services on the Psychiatric Post-Traumatic Stress Disorder Residential Rehabilitation Treatment Program, located at the Veterans Administration Medical Center in Aurora, Colorado (the "PTSD Project").

3. The VA failed to comply with its public disclosure obligations under FOIA to produce the agency records requested by Faith. As the Supreme Court for the United States has recognized, "the basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *National Labor Relations Bd. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242, 98 S. Ct. 2311, 57 L.Ed.2d 159 (1978).

4. The public has a compelling interest in the disclosure of agency records related to agency contracting decisions, especially where, as here, the contracting decisions relate directly to the timely and efficient construction of facilities to benefit the Nation's veterans. The VA is improperly withholding these records without justification under FOIA.

## PARTIES

5. Plaintiff Faith Enterprises Incorporated is a Colorado corporation registered to do business in the state of Colorado.

6. Defendant the United States Department of Veterans Affairs is an agency of the United States of America as defined in 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1). The VA is an agency with possession and control of the requested agency records and is responsible for producing such agency records pursuant to FOIA.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1361, and 5 U.S.C. § 552(a)(4)(B).

8.      Venue for this civil action lies in the United States District Court for the District of Colorado pursuant to 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

9.      On April 29, 2022, counsel for Faith transmitted a FOIA request (the "FOIA Request") electronically to the VA seeking agency records regarding contracts and task orders awarded to Valhalla for the PTSD Project.

10.     The FOIA Request identified specific and finite information that should have been easily collected by the VA and produced within FOIA's statutory deadline established in 5 U.S.C. § 552(a)(6)(A)(i).  A true and correct copy of the FOIA Request is appended hereto as Exhibit A.

11.     On May 3, 2022, VA transmitted an email acknowledging receipt of the FOIA Request.  VA acknowledged that "[t]he FOIA Service received your request on April 29, 2022."

12.     The statutory deadline for VA to provide a determination with respect to the FOIA Request was on or before May 19, 2022.  *See* 5 U.S.C. § 552(a)(6)(A)(i) ("Each agency . . . shall determine within 20 days . . . whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor.").

13.     VA did not meet this deadline and, in fact, did not respond to repeated requests for status updates until June 23, 2022.  This June 23 response, fifty-five (55) days after VA received the FOIA Request, contained no responsive records and instead informed counsel for Faith that the VA was seeking input from Valhalla prior to disclosing any documents.

14.     The VA did not provide the first responsive records until July 29, 2022, ninety-one (91) days after receiving the FOIA Request.  While this delay alone amounts to an egregious statutory violation, the contents of the July 29 response were woefully inadequate.  The VA

3

merely produced two documents with no justification or explanation for withholding the remainder of the responsive documents.

15. After additional follow-up correspondence from counsel for Faith, the VA informed Faith on August 5, 2022 that its contracting office "misunderstood the initial FOIA request" and that the VA would collect additional information responsive to the request. Despite this vague assurance, the VA again failed to follow through with its promise. Months passed without any further action by the VA.

16. After further repeated follow-up from counsel for Faith in late 2022 and early 2023, the VA finally agreed to produce responsive records in a rolling fashion, culminating in the shipment of a "final CD containing documents related to your FOIA request" on April 7, 2023, almost one year after the FOIA Request was submitted.

17. But despite producing rolling sets of documents over a period of nine months, the VA still failed to produce all records responsive to the FOIA Request and did not provide any determination that responsive documents were being withheld under FOIA. Counsel for Faith informed the VA by letter on May 8, 2023 that its response to the FOIA Request was inadequate and failed to comply with the statutory text of FOIA.

18. Instead of promptly responding with the documents that should have been disclosed in May of 2022, the VA again engaged in a months-long period of unresponsiveness and delay—culminating in the VA's incredible request on January 9, 2024 (<u>620 days after the original FOIA Request submission</u>), that Faith submit a brand new FOIA request for the missing records and start the entire process over from the beginning.

19. Despite the VA's incredible request, Faith is entitled to receive the records sought by the FOIA Request, and the VA is statutorily obligated to produce those records pursuant to FOIA.

## COUNT I - FAILURE TO COMPLY WITH 5 U.S.C. § 552

20. Paragraphs 1–19 are incorporated as if fully set forth herein.

21. Pursuant to 5 U.S.C. § 552(a), Faith has a statutory right to the disclosure of the agency records sought in the FOIA Request.

22. Counsel on behalf of Faith submitted a proper FOIA request to the VA in accordance with 5 U.S.C. § 522(a)(3)(A).

23. The VA failed to timely notify Faith whether it would comply with the FOIA Request in violation of 5 U.S.C. § 552(a)(6)(A)(i).

24. The VA also failed to comply with its disclosure obligations under FOIA within the statutory time limits prescribed by 5 U.S.C. §§ 552(a)(6)(A)(i)–(ii).

25. As a result of the VA's failure to adequately respond to the FOIA Request, Faith constructively exhausted any administrative remedies required by FOIA and is entitled to seek judicial review pursuant to 5 U.S.C. § 552(a)(6)(C).

26. The VA failed to conduct a reasonable search for the specifically identified finite records requested and is not exercising reasonable due diligence to respond to the FOIA Request.

27. The VA failed to produce all relevant, non-exempt agency records responsive to the FOIA Request, violating the statutory requirement of 5 U.S.C. § 552(a)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Faith requests that this Court enter judgment in its favor, and award the following relief:

      a.      Enjoin the VA from withholding the requested agency records and issue an order compelling the VA to conduct a reasonable search and produce the requested agency records in accordance with FOIA;

      b.      Enjoin the VA from assessing any search or reproduction fees to Faith under FOIA;

      c.      Provide for expeditious proceedings in this civil action;

      d.      Award Faith its costs and attorney fees reasonably incurred in this civil action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

      e.      Grant any other and further relief the Court deems appropriate.

Dated: February 6, 2024

Respectfully submitted,

*/s/ Shaun C. Kennedy*

_____

Shaun C. Kennedy (Colo. Bar No. 46548)
David J. Gasvoda (Colo. Bar. No. 52742)
HOLLAND & HART LLP
555 Seventeenth Street
Suite 3200
Denver, Colorado 80202
(303) 295-8377
sckennedy@hollandhart.com

**ATTORNEYS FOR PLAINTIFF,
FAITH ENTERPRISES INCORPORATED**

31231265_v3